UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RODERICK OLAF FONSECA, | No. 2: 16-cv-2651 KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MARION E. SPEARMAN, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 11.) For the following reasons, plaintiff's amended complaint is dismissed with leave to amend.

Plaintiff alleges that defendant Warden Spearman denied his request to change his name for religious reasons. Plaintiff requested that he be allowed to use his Jewish name, Fleishman, based on the Jewish belief of not permitting a family name to die out. Plaintiff alleges that Fleishman is his great-grandmother's maiden name and he does not want it be lost within his family.

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof ...." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 (1987).

1

However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884–85. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Id. at 736. "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Id. at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987).

Plaintiff has not demonstrated that the name change he seeks is mandated by his faith. For this reason, the complaint is dismissed with leave to amend. If plaintiff files a second amended complaint, he must provide more information supporting a claim that his Jewish faith mandates that he change his name and that the requested name change is a tenet that is central to his religious doctrine.

Plaintiff may also be alleging a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") which provides,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc–1.

Plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994–95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Warsoldier, 418 F.3d at 995. A burden on the exercise of religion is substantial if it substantially pressures an inmate "to modify his behavior and to violate his [sincerely held] religious beliefs." Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008).

Plaintiff's allegations do not demonstrate that the denial of his request to change his name for religious reasons substantially burdens him in the exercise of his religious beliefs. Plaintiff does not allege that the denial of his request for a name change substantially pressured him to modify his behavior and to violate his sincerely held religious beliefs. For these reasons, the undersigned finds that plaintiff also does not state a potentially colorable RLUIPA claim.

Accordingly, IT HEREBY ORDERED that plaintiff's amended complaint (ECF No. 11) is dismissed with leave to file a second amended complaint within thirty days of the date of this order; failure to file a second amended complaint within that time will result in dismissal of this action.

Dated: March 8, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Fon2651.dis